| | |
|---|---|
| **Paul K. Friedrich, OSB #171695**<br>Paulf@fdlawpllc.com<br>FRIEDRICH & DISHAW, PLLC<br>92 LENORA STREET, SUITE 119<br>SEATTLE, WASHINGON 98121<br>TEL: (206) 360 – 7655<br><br>*Attorney for Plaintiff Platte River Insurance Company* | The Honorable Youlee Yim You |

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PLATTE RIVER INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>      v.<br><br>NELLY AKEMI YAMAKAWA, an individual; MICHAEL STEPHEN STARNES, an individual; ROGUE VALLEY MANOR, an Oregon nonprofit corporation; NORTHWEST ADVENTIST FEDERAL CREDIT UNION, an Oregon credit union; MAGNUM DRYWALL, INC., a California corporation; DENNIS M. HILLS, an individual; JESSE MECHAM, an individual; STACEY MECHAM, an individual; VEROS CREDIT, LLC, a Nevada limited liability company; LOBEL FINANCIAL CORPORATION, a California corporation; DAWN HARRISON, an individual; JOHN HARRISON, an individual; INSPIRED CONNECTIONS TRANSPORT, LLC, an Oregon limited liability company; OREGON COMMUNITY CREDIT UNION, an Oregon credit union; FRANCIS GARY PALMER, an individual; CAROL MARIE PALMER, an individual; and OREGON STATE CREDIT UNION, an Oregon credit union.<br><br>            Defendants. | Case No. 3:23-cv-01189-YY<br><br>**PLAINTIFF'S UNOPPOSED MOTION FOR AN ORDER AUTHORIZING:**<br><br>1) **EXONERATION OF THE BOND; AND**<br>2) **DISMISSAL OF PLATTE RIVER INSURANCE COMPANY**<br><br>**Oral Argument Requested**<br><br>**Time required for argument: 30 minutes** |

Page 1 -   PLAINTIFF'S UNOPPOSED MOTION FOR AN ORDER AUTHORIZING: (1) EXONERATION OF THE BOND AND (2) DISMISSAL OF PLATTE RIVER INSURANCE COMPANY

7787728.1

Friedrich & Dishaw, PLLC
92 Lenora Street, Suite 119
Seattle, Washington 98121
Tel: (206) 360-7655

## I.     LOCAL RULE 7-1 CERTIFICATION

Prior to filing this motion, the undersigned provided a copy of this motion to counsel for defendants Nelly Akemi Yamakawa, Rogue Valley Manor, Jesse Mecham, Stacey Mecham, Fracis Gray Palmer, Carol Marie Palmer, and Oregon State Credit Union, as well as defendants Michael Stephen Starnes and Dennis M. Hills (collectively "Defendants").  None of the Defendants stated an objection to Platte River Insurance Company's ("Platte River") motion.

## II.     MOTION

On May 10, 2024, this Court granted Platte River's Unopposed Motion for an Order Authorizing Deposit of Bond Proceeds into an Interest-Bearing Account. Dkt. 78.  Now, pursuant to 28 U.S.C. § 2361, Platte River, by and through its attorneys of record, Paul K. Friedrich of Friedrich & Dishaw, PLLC, respectfully submits this unopposed motion for an Order:

(1)     Requiring Defendants to litigate among themselves their respective rights to the proceeds of the Bond;

(2)     Discharging Platte River from all further liability in connection with the Bond upon deposit of the proceeds with the Court;

(3)     Dismissing Platte River from this action with prejudice upon deposit of the proceeds with the Court;

(4)     Restraining and enjoining Defendants from commencing or prosecuting any other action or proceeding against Platte River relating to the Bond; and

(5)     Awarding Platte River its reasonable attorney fees and costs, to be paid out of the insurance proceeds deposited with the Court.[1]

---

[1] As indicated below, Platte River is willing to waive its entitlement to reasonable fees and costs, but only in the event there is no objection to the relief sought in this Motion.

Page 2 -     PLAINTIFF'S UNOPPOSED MOTION FOR AN ORDER AUTHORIZING: (1) EXONERATION OF THE BOND AND (2) DISMISSAL OF PLATTE RIVER INSURANCE COMPANY

7787728.1

**Friedrich & Dishaw, PLLC**
92 Lenora Street, Suite 119
Seattle, Washington 98121
Tel: (206) 360-7655

This motion is supported by the following memorandum of points and authorities, the declaration of Paul K. Friedrich ("Friedrich Decl.") and the exhibits thereto, the Complaint (Dkt. #1), and the Court's record.

### III.   MEMORANDUM OF POINTS AND AUTHORITIES

#### A. Statement of Facts.

Platte River has filed a complaint seeking interpleader relief pursuant to 28 U.S.C. § 1335. Dkt. #1. This action concerns auto dealer surety bond no. 41424636 (the "Bond"), which Platte River, as surety, issued to R&J Mobility Service, LLC ("Principal"), as principal, payable to the State of Oregon, as obligee, in the penal sum of $50,000, pursuant to ORS 822.030 *et seq*. *Id*., ¶ 18; *Friedrich Decl.*, ¶ 2, Ex. A.  The Bond afforded certain coverage in connection with Principal's business activities from February 20, 2020, to September 16, 2022, when the Oregon Department of Transportation received Platte River's Notice of Cancellation of the Bond. *Id.*, ¶ 3, Ex. B.[2]

On May 10, 2024, Platte River filed a Motion for an Order Authorizing Deposit of Bond Proceeds into an Interest-Bearing Account. Dkt. 75. In that motion, Platte River provided the factual background of the claims made against the Bond. *Id*., 2 – 6. Evidence of those claims is also included in the exhibits attached to the Declaration of Paul Friedrich. *Friedrich Decl.,* ¶¶ 4 – 18, Exhs. C – Q. In the interest of conserving judicial resources, Platte River will not reiterate that factual background in this Motion, but, instead, provides the following summary of the claims and/or potential claims against the Bond:

---

[2] Under ORS 822.030(1)(a), Platte River continued to be liable under the Bond until the DOT "receive[d] the notice required by this paragraph, or until the cancellation date specified in the notice, whichever is later."

Page 3 -   PLAINTIFF'S UNOPPOSED MOTION FOR AN ORDER AUTHORIZING: (1) EXONERATION OF THE BOND AND (2) DISMISSAL OF PLATTE RIVER INSURANCE COMPANY

7787728.1

**Friedrich & Dishaw, PLLC**
92 Lenora Street, Suite 119
Seattle, Washington 98121
Tel: (206) 360-7655

| | |
|---|---|
| Nelly Akemi Yamakawa: | $50,000.00[3] |
| Michael Steven Starnes: | $342.00 |
| Jesse and Stacey Mecham: | $3,800.00[4] |
| Francis and Carol Palmer: | $31,228.00 |
| Oregon State Credit Union: | $48,020.94 |
| Rogue Valley Manor: | Unknown |
| Dennis M. Hills: | $4,351.00 |
| **Total:** | **$137,741.94** |

*Id.*, ¶ 26.

Platte River is uncertain as to who are the proper recipients of the available proceeds under the Bond because the competing claims of the Defendants exceed the penal sum of the Bond. *Id.*, ¶ 27. The claims of the Defendants are such that Platte River cannot determine, without hazard to itself, which of the Defendants is legally entitled to the proceeds without assuming the responsibility of determining doubtful questions of law and fact. *Id.*, ¶ 28. For that reason, Platte River requested this Court's authorization to deposit proceeds of the Bond in the amount of $100,000.00 in an interest-bearing account to be disbursed in accordance with Local Rule 67.4. Dkt. 75. The Court granted that motion on May 10, 2024. Dkt. 78. Thus, once Platte River deposits the available proceeds under the Bond into the Court Registry, it will have satisfied

---

[3] Nelly Akemi Yamakawa filed a state court action in connection with her purchase of a vehicle from Principal, entitled *Nelly Yamakawa v. Santander Consumer USA Inc. et al*, Marion County Case No. 23CV16878. *Friedrich Decl.*, Ex. N.

[4] Jesse and Stacy Mecham filed a state court action in connection with their purchase of a vehicle from Principal, entitled *Mechams v. R&J Mobility Service LLC et al*, Marion County Case No. 23CV21289. *Friedrich Decl.*, at Ex. P.

Page 4 -   PLAINTIFF'S UNOPPOSED MOTION FOR AN ORDER AUTHORIZING: (1) EXONERATION OF THE BOND AND (2) DISMISSAL OF PLATTE RIVER INSURANCE COMPANY

**Friedrich & Dishaw, PLLC**
92 Lenora Street, Suite 119
Seattle, Washington 98121
Tel: (206) 360-7655

7787728.1

all of its obligations with respect to this matter.

Accordingly, by way of this Motion, Platte River requests that the Court dismiss Platte River from this lawsuit with prejudice, discharge Platte River from any and all liability relating to the Bond, and enjoin the Defendants from commencing or maintaining any action or proceeding against Platte River relating to the Bond.[5]

### B. The Court should dismiss Platte River from this case and enjoin the Defendants from instituting or prosecuting any other action against Platte River.

After the available Bond proceeds are deposited, the Court is authorized to enter an order "restraining [Defendants] from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court." 28 U.S.C. § 2361.  Upon hearing, the Court may "make the injunction permanent…" *Id*.

The injunction is designed to "protect against possible double liability to actual claimants and against possibility of vexatious multiple litigation." *First Interstate*, 891 F. Supp. at 546 (citing *A/S Krediit Pank v. Chase Manhattan Bank,* 155 F.Supp. 30, 33 (S.D.N.Y. 1957) *appeal dismissed as frivolous,* 303 F.2d 648 (2d Cir. 1962)).  Injunctive relief also reduces the possibility of inconsistent determinations or the inequitable distribution of the fund. *See U.S. v. Major Oil Corp.*, 583 F.2d 1152, 1158 (10th Cir. 1978).

Moreover, "in an interpleader action in which the stakeholder does not assert a claim to the stake, the stakeholder should be dismissed immediately following its deposit of the stake into

---

[5] Platte River is in the process of sending the $100,000.00 check to the Court pursuant to this Court's May 10, 2024, Order Granting Platte River's Motion for an Order Authorizing Deposit of Bond Proceeds into an Interest-Bearing Account. Dkt. 78.  Platte River has filed this instant motion prior to its actual deposit of the Bond proceeds to comply with the May 13, 2024, dispositive motion deadline as set forth in the Court's March 6, 2024, Scheduling Order. Dkt. 48.

Page 5 -   PLAINTIFF'S UNOPPOSED MOTION FOR AN ORDER AUTHORIZING: (1) EXONERATION OF THE BOND AND (2) DISMISSAL OF PLATTE RIVER INSURANCE COMPANY

**Friedrich & Dishaw, PLLC**
92 Lenora Street, Suite 119
Seattle, Washington 98121
Tel: (206) 360-7655

7787728.1

the registry of the court." *Hudson Sav. Bank v. Austin*, 479 F.3d 102, 107 (1st Cir. 2007). "That dismissal should take place without awaiting an adjudication of the defendants' competing claims." *Id.* (citation omitted).

There are two pending state court actions against Platte River. Nelly Akemi Yamakawa ("Yamakawa") filed a state court action in connection with her purchase of a vehicle from Principal, entitled *Nelly Yamakawa v. Santander Consumer USA Inc. et al*, Marion County Case No. 23CV16878. *Friedrich Decl.*, Ex. N. Additionally, Jesse and Stacy Mecham (the "Mechams") filed a state court action in connection with their purchase of a vehicle from Principal, entitled *Mechams v. R&J Mobility Service LLC et al*, Marion County Case No. 23CV21289. *Id.*, Ex. P. The Court should enjoin further prosecution, at least as to Platte River, of both state court actions, as both of those actions concern the Bond proceeds to be deposited in this case. Injunctive relief would protect Platte River against potential double liability as to Yamakawa and the Mechams, as well as safeguard the Court's disbursement of Bond proceeds in this case by avoiding the possibility of inconsistent determinations as to the amounts of those claims.

Given the multiple and conflicting claims by Defendants to the Bond proceeds, an order enjoining the Defendants from instituting or prosecuting any other action or proceeding against Platte River relating to the Bond, as well as dismissing Platte River from all claims, is justified under the circumstances. Upon deposit of the Bond proceeds with the Court, this Court should enter an injunction and dismissal as requested herein. *Friedrich Decl.*, ¶ 30.

### C. Platte River is Entitled to Recover its Reasonable Attorney Fees and Costs.

District courts have discretion to award attorney fees and costs to a disinterested stakeholder in an interpleader action. *Abex Corp. v. Ski's Enters., Inc.*, 748 F.2d 513, 516 (9th

Page 6 - PLAINTIFF'S UNOPPOSED MOTION FOR AN ORDER AUTHORIZING: (1) EXONERATION OF THE BOND AND (2) DISMISSAL OF PLATTE RIVER INSURANCE COMPANY

7787728.1

Friedrich & Dishaw, PLLC
92 Lenora Street, Suite 119
Seattle, Washington 98121
Tel: (206) 360-7655

Cir. 1984); *Trustees of the Directors Guild of America-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000). Plaintiff/stakeholders are generally entitled to recover the fees incurred in filing the interpleader action and pursuing the plaintiff's release from liability. *Tise*, 234 F.3d at 426; *see also Sun Life Assurance Co. of Canada v. O'Connor*, No. C16-0799-JCC, 2017 WL 932148, at *3 (W.D. Wash. Mar. 9, 2017) ("[T]he availability of attorneys' fees for interpleader plaintiffs recognizes that by bringing the action, the plaintiff benefits all parties by promoting early litigation on the ownership of the fund, thus preventing dissipation."). The stakeholder will typically be compensated out of the interpleader funds deposited in the court. *Massachusetts Mut. Life Ins. Co. v. Morris*, 61 F.2d 104, 105 (9th Cir. 1932). Courts routinely grant such awards absent a showing of bad faith. *Schirmer Stevedoring Co. Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 194–95 (9th Cir. 1962).

Platte River stated in its Motion for an Order Authorizing Deposit of Bond Proceeds into an Interest-Bearing Account that it would be willing to waive its claim for fees in the event there was no objection to that motion. That motion was granted on May 10, 2024, without objection, and, therefore, Platte River maintains its position. Platte River will waive its claim for fees in the event that there is no objection to this current motion. However, if there is an objection to the instant motion, Platte River requests an award of all attorney fees and costs incurred in filing this action and pursuing its release from liability. *See O'Connor*, 2017 WL 932148, at *3. It would be unfair and inequitable to require Platte River, as the mere possessor of the proceeds, to bear the expense of this interpleader action in which it merely seeks to deposit the proceeds of the Bond for the benefit of third parties and, further, when this interpleader action was necessitated through no fault of Platte River.

Upon entry of an order by the Court awarding Platte River its attorney fees and costs,

Page 7 -   PLAINTIFF'S UNOPPOSED MOTION FOR AN ORDER AUTHORIZING: (1) EXONERATION OF THE BOND AND (2) DISMISSAL OF PLATTE RIVER INSURANCE COMPANY

7787728.1

**Friedrich & Dishaw, PLLC**
92 Lenora Street, Suite 119
Seattle, Washington 98121
Tel: (206) 360-7655

Platte River will file an appropriate declaration supporting its award of attorney fees and costs.

## IV.   CONCLUSION

For the forgoing reasons, Platte River respectfully moves this Court for an Order (1) requiring Defendants to litigate among themselves their respective rights to the proceeds of the Bond; (2) discharging Platte River from all further liability in connection with the Bond upon deposit of the proceeds with the Court; (3) dismissing Platte River from this action with prejudice upon deposit of the proceeds with the Court; and (4) restraining and enjoining Defendants from commencing or prosecuting any other action or proceeding against Platte River relating to the Bond, including without limitation the state court actions filed by Yamakawa and the Mechams.

In addition, in the event the Defendants object to Platte River's Motion, Platte River requests an order awarding Platte River its reasonable attorneys' fees and costs, which amounts shall be paid out of the deposited proceeds.

DATED this 13th day of May, 2024.

FRIEDRICH & DISHAW, PLLC

s/ Paul K. Friedrich
Paul K. Friedrich, OSB #171695
Phone: (206) 360 – 7655
Paulf@fdlawpllc.com

*Attorneys for Plaintiff Platte River Insurance Company*

Trial Attorney: Paul K. Friedrich, OSB#171695

///

///

///

///

Page 8 -   PLAINTIFF'S UNOPPOSED MOTION FOR AN ORDER AUTHORIZING: (1) EXONERATION OF THE BOND AND (2) DISMISSAL OF PLATTE RIVER INSURANCE COMPANY

7787728.1

**Friedrich & Dishaw, PLLC**
92 Lenora Street, Suite 119
Seattle, Washington 98121
Tel: (206) 360-7655

## CERTIFICATE OF COMPLIANCE

This motion complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 1,948 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

Page 9 -   PLAINTIFF'S UNOPPOSED MOTION FOR AN ORDER AUTHORIZING: (1) EXONERATION OF THE BOND AND (2) DISMISSAL OF PLATTE RIVER INSURANCE COMPANY

**Friedrich & Dishaw, PLLC**
92 Lenora Street, Suite 119
Seattle, Washington 98121
Tel: (206) 360-7655

7787728.1

## CERTIFICATE OF SERVICE

I hereby certify that on May 13th, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all current counsel of record.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on May 13th, 2024, at Portland, Oregon.

s/ Elizabeth Morris
Legal Assistant to Paul K. Friedrich
*Attorney for Plaintiff Platte River Insurance Company*

Page 1 -   CERTIFICATE OF SERVICE

**Friedrich & Dishaw, PLLC**
92 Lenora Street, Suite 119
Seattle, Washington 98121
Tel: (206) 360-7655

7787728.1